**Brian Edward BYERS, Plaintiff–Appellant,**

v.

**Carol STRACHAN, et al., Defendants–Appellees.**

No. 03–1028.

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

Brian Edward Byers appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Byers primarily alleged that the defendants had violated his constitutional rights while he was incarcerated in an Ohio state prison: 1) because his back was injured while he was being transported to the prison; and 2) because he did not receive adequate medical treatment for his injuries. The district court dismissed the case without prejudice on October 29, 2002, be-

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

cause the complaint did not show that Byers had exhausted all of his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The court denied Byers's motion for reconsideration and to amend his complaint on December 4, 2002. Byers now appeals, moving for the appointment of counsel on appeal.

We review the dismissal of this case *de novo*. *See White v. McGinnis*, 131 F.3d 593, 594 (6th Cir.1997). Dismissal of may be affirmed on any grounds, even if they were not considered by the district court. *See Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir.1990).

The district court dismissed this case because the complaint clearly indicated that Byers had not exhausted all of the administrative remedies that were available to him regarding his first claim. Byers later filed a motion for reconsideration, which included the final administrative response regarding that claim. However, the motion for reconsideration also indicates that his administrative remedies had not been fully exhausted when the complaint was filed. Indeed, Byers now admits that his civil rights complaint was filed before prison authorities issued a final response to his grievance. Thus, dismissal was appropriate for lack of administrative exhaustion. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998).

Byers argues that the district court should have allowed him to amend his complaint to show the complete exhaustion of his claims. However, the courts have no discretion in allowing amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997).

As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte. Our rule in *McGore* requires that a plaintiff ... not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

*Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002) (citations and footnote omitted).

Byers also argues that the district court should have reached the merits of the claims that he had exhausted. The court may address the merits of exhausted claims and dismiss only those that are unexhausted. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). However, Byers has not cited any authority which requires the district court to do so. We note, nonetheless, that his allegations of inadequate medical care do not rise to the level of a viable constitutional claim.

This type of claim requires a showing that Byers was exposed to a substantial risk of serious harm as well as a showing that the defendants acted with deliberate indifference or recklessness, that is more than mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Insofar as Byers's claim relies on a delay in treatment, he must place verifying medical evidence in the record to establish the detrimental effect of the delay. *See Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001).

■ The complaint indicates that Byers's alleged back injury was x-rayed and examined on several occasions, that he was assigned a lower bunk, and that he was treated with anti-inflammatories, muscle relaxers and pain medication. Byers alleges that his condition was not actively treated for several months in 2001 and 2002. However, he has not shown that he suffered any detrimental effect as result of the alleged delay. *See id.* Thus, dismissal was appropriate because Byers's allegations do not indicate that the defendants were deliberately indifferent to his serious medical needs. *See Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995).

Accordingly, Byers's motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.