133 F.3d 382
 Michelle BAZZETTA; Stacy Barker; Toni Bunton; Debra King;
Shante Allen; Adrienne Bronaugh; Alesia Butler; Tamara
Prude; Susan Fair; Valerie Bunton; Arturo Zavala, through
his next friend Valerie Bunton, on behalf of themselves and
all others similarly situated, Plaintiffs-Appellants,
v.
Kenneth McGINNIS, Director of Michigan Department Of
Corrections; Michigan Department of Corrections,
Defendants-Appellees.
 Nos. 95-2181, 96-1559.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 4, 1997.
Decided Jan. 5, 1998.
 
 Deborah A. LaBelle (argued and briefed), Law Offices of Deborah LaBelle, Ann Arbor, MI; Michael Barnhart (briefed), Detroit, MI, for Plaintiffs-Appellants.
 Kevin M. Thom (argued), Lisa C. Ward (briefed), Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants-Appellees.
 John P. Jacobs, O'Leary, O'Leary, Jacobs, Mattson & Perry, Southfield, MI, for Amicus Curiae Catholic Lawyers Society.
 Robert A. Sedler, Wayne State University Law School, Detroit, MI, Paul J. Denenfeld, Detroit, MI, for Amicus Curiae American Civil Liberties Union Fund of Michigan.
 Before: SILER, COLE, and VAN GRAAFEILAND*, Circuit Judges.
 SUPPLEMENTARY OPINION
 VAN GRAAFEILAND, Circuit Judge.
 
 
 1
 On September 4, 1997, this Court affirmed certain limitations on prisoner visitation imposed by the district court. See 124 F.3d 774. Because the Michigan Department of Corrections construes our opinion in a manner that was not intended, this Supplementary Opinion is written solely for the purpose of clarification.
 
 
 2
 The Department's brief on appeal contains the following clearly expressed and significantly emphasized statement:
 
 
 3
 It is important to note that the visitation restrictions at issue involve limitations on contact visitation between members of the public, including minor children, and convicted felons.
 
 
 4
 There was nothing new or novel in this definition of the issue. The Department took the same position in the district court. In its response to the plaintiffs' motion for a preliminary injunction, it said:
 
 
 5
 It is important to emphasize that the challenged visitation policies at issue in this case concern limitations on contact visitation. Since contact visitation involves personal, face-to-face contact by convicted/incarcerated felons with members of the public, the sheer volume of visitations alone (2300 contact visits each day, averaging 69,000 visits each month, for about 820,000 visits annually) must be restricted for reasons of security and administrative concerns related to maintaining internal order and discipline throughout all MDOC prison facilities. There can be no dispute that 820,000 visits annually presents a very difficult penological problem for MDOC with regard to the scheduling, screening, supervision and monitoring of contact visitation.
 
 The Department continued:
 
 6
 Although MDOC is mindful of the close familial relationships that exist between a father and/or mother with their children, significant security and related administrative concerns caused by the high volume of contact visitation mandate a more narrow definition of the minor children (children, stepchildren and grandchildren) that are allowed contact visitation at MDOC facilities. Given MDOC's legitimate penological interest in maintaining order and security at its prison facilities and the real dangers involved whenever children participate in contact visits, these visitor restrictions are a reasonable response to important competing interests.
 
 
 7
 The evidence submitted by the Department was addressed to the issue of contact visitation, and this too was referred to in the above-mentioned response:
 
 
 8
 As the attached affidavits of Deputy Director Bolden, Warden Burke and Warden Langley reveal, contact visitation between minor children and incarcerated felons presents a continuing problem for MDOC with regard to the security of its prison facilities and the safety of the minor children at these facilities.
 
 
 9
 The Department's motion for summary judgment also addressed the issue as that of contact visitation:
 
 
 10
 Limiting the number of minor children who are involved in contact visitation with incarcerated felons will enable MDOC to more closely monitor these visits to insure that no abuse or smuggling occurs as a result of contact visitation.
 
 
 11
 ....
 
 
 12
 ... Plaintiffs also argue that the visitor restrictions are unconstitutional because the restrictions limit the right of members of the public to visit incarcerated felons. However, because members of the public have alternate methods to communicate with incarcerated felons, restrictions on contact visits between members of the public and inmates are not unconstitutional.
 
 
 13
 When the litigation moved to this Court, contact visitation was the obvious concern expounded in the Department's brief. At page 9 of its brief, the Department said "[c]ontact visits invite a host of security problems," and then proceeded to describe them. At page 13, the Department said that "because members of the public have alternate methods to communicate with incarcerated felons, restrictions on contact visits between members of the public and inmates are not unconstitutional." On page 14, it said that "[l]imiting the number of minor children who are involved in contact visitation with incarcerated felons will enable MDOC to more closely monitor these visits to insure that no abuse or smuggling occurs as a result of contact visitation."
 
 
 14
 It is not surprising, therefore, that we held that "[t]he visits at issue are 'contact visits,' i.e., visits that customarily take place in a 'visitation room' or other area set aside for this purpose and permit innocent-only physical contact between prisoner and visitor." 124 F.3d at 775. However, counsel for the Department now inform the Court that the Court erred in accepting counsel's definition of the issue and "apologize for any misstatement in earlier briefs that may have led the Court to believe the rule changes apply only to contact visits."Overlooking the fact that Rule 791.6614 bears the caption "Noncontact visitation," Department counsel contend that Rules 791.6607 to 791.6614 apply to both contact and non-contact visits, and they assert that "this Court's September 4, 1997 Opinion can easily be extended to both." The Department did not make this argument in either the district court or this Court. It cannot be made here and now. This opinion is intended simply to make that point clear.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation