**Michael Charles WARD,**
**Plaintiff–Appellant,**

v.

**Kurt JONES, Warden, and Bill Martin,**
**Director of the Michigan Department**
**of Corrections, Defendants–Appellees.**

No. 02–1924.

United States Court of Appeals,
Sixth Circuit.

March 31, 2003.

Before: DAUGHTREY and GIBBONS, Circuit Judges;  and MILLS, District

Judge.[*]

## ORDER

Michael Charles Ward appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Ward alleged that his rights were violated while he was incarcerated by the Michigan Department of Corrections ("MDOC"), when the defendants initiated a policy that prohibited the receipt of sexually explicit photographs and made such photographs contraband, even if they were received before the policy took effect. The district court described the disputed policy as follows:

[A] prisoner may send and receive uncensored mail from any person or organization unless the mail violates policy or an administrative rule. Mail cannot be prohibited solely because its content is "religious, philosophical, political, social, sexual, unpopular or repugnant." However, mail can be prohibited if it is a "threat to the security, good, order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with rehabilitation." Certain types of incoming mail, which are listed in the policy, are deemed to pose these risks under all circumstances. For example, the list excludes mail describing or depicting homosexual acts (when the sex of the actors is the same as the inmates), acts of sadism, masochism, bondage, bestiality, and sexual acts involving children.

On January 18, 2001, ... a memorandum ... was posted on the housing unit bulletin board to inform the prisoners about an upcoming revision to the mail policy. The revision added an additional item to the list of excluded items:

Photographs depicting actual or simulated sexual acts by one or more persons. This includes photographs included in a publication sent directly from the publisher or a vendor authorized by the facility.

Plaintiff challenges the validity of the revision prohibiting "photographs depicting actual or simulated sexual acts."

(Dist.Ct.Op., pp. 1–2) (citations omitted).

The district court awarded summary judgment to the defendants on July 11, 2002. It is from this judgment that Ward now appeals, moving for the appointment of counsel on appeal.

The appellees argue that this case should have been dismissed for lack of administrative exhaustion. Ward states that he will supply proof of exhaustion if the case is remanded. However, dismissal would have been proper, as the complaint did not clearly show that Ward had exhausted his administrative remedies. *See Baxter v. Rose,* 305 F.3d 486, 488–89 (6th Cir.2002).

We note, nonetheless, that a *de novo* review of the record shows that the defendants were entitled to summary judgment on the merits of Ward's claims. Summary judgment is proper if there is no genuine issue of material fact and the moving party

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

is entitled to judgment as a matter of law. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995).

Ward alleges that the disputed policy is vague and overbroad. We examine this claim under the test that was announced in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). *See Waterman v. Farmer*, 183 F.3d 208, 212–13 (3d Cir.1999). A prisoner's right to receive mail may be limited by policies that are "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. Moreover, prison administrators are afforded substantial deference regarding policies that preserve internal order and security by controlling the types of materials that are allowed into a prison. *Thornburgh v. Abbott*, 490 U.S. 401, 416, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

■ An affidavit by the former Director of the MDOC indicated that the policy was initiated to maintain security and order, as the disputed photographs contribute to a hostile work environment for staff, a sexually charged and hostile environment for prisoners, offensive conduct and hostile acts by prisoners, and violations of visiting room policy. Ward argues that this affidavit is contradicted by prisoner affidavits, which generally aver that the defendants have a personal agenda, that there is no correlation between sexually explicit photographs and sexual misconduct, and that these photographs actually reduce sexual tensions. However, the Director also supported his decision by noting: 1) that more than 6,000 prisoners were convicted of major disciplinary violations for sexual misconduct in 1999 and 2000; 2) that the MDOC has investigated hundreds of allegations of sexual misconduct against staff; 3) that there was evidence of sexual assault or obsession in three cases where employees were murdered by prisoners; and 4) that a large percentage of Michigan prisoners are incarcerated because of sex-related crimes. In addition, we note that Michigan prisoners may still receive less explicit photographs of an arguably sexual nature. Hence, we conclude that the disputed policy was constitutional under the deferential test that was announced in *Turner*. *See Mauro v. Arpaio*, 188 F.3d 1054, 1059–60 (9th Cir.1999) (en banc); *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir.1997), *clarified*, 133 F.3d 382 (6th Cir.1998).

■ Ward also asserts that the disputed policy should not be applied retroactively to photographs that were in his possession before it took effect. This argument is unpersuasive as he was allowed a thirty-day grace period in which to dispose of such photographs before they would be confiscated as contraband. Moreover, the policy does not offend the *Ex Post Facto* Clause because it does not alter the definition of criminal conduct or increase the punishment for a crime. *See Cutshall v. Sundquist*, 193 F.3d 466, 476–77 (6th Cir. 1999).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.