Michelle BAZZETTA, et al.,
Plaintiffs–Appellees,

v.

Kenneth MCGINNIS, Director of Michigan Department of Corrections; Michigan Department of Corrections, Defendants–Appellants.

Nos. 02–1756, 02–2096.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

Before: MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

---

* The Honorable Richard Mills, United States

District Judge for the Central District of Illi-

**162**

*ORDER*

The defendants, The Michigan Department of Corrections and its director (collectively MDOC), appeal two post-judgment orders entered by the district court in this prisoners civil rights case challenging certain Michigan prison visitation regulations. MDOC now moves for peremptory reversal in Case No. 02–1756. The plaintiffs oppose the motion and ask that this matter be remanded to the district court for further consideration. MDOC has filed a reply. In Case No. 02–2096, MDOC moves to hold briefing in abeyance pending further proceedings in the district court. The plaintiffs oppose the motion.

Following a bench trial, the district court entered judgment for the plaintiffs. *Bazzetta v. McGinnis*, 148 F.Supp.2d 813 (E.D.Mich.2001). MDOC filed a timely appeal which was docketed as Case No. 01–1635. On April 10, 2002. a decision was entered in Case No. 01–1635 affirming the district court's judgment. *Bazzetta v. McGinnis*, 286 F.3d 311 (6th Cir.2002).

The orders which are the subject of the present appeals were entered in the district court on May 16, 2002, and August 20, 2002. The May 16 order directed MDOC to comply with the terms of the judgment affirmed on appeal in Case No. 01–1635. The August 20 order granted the plaintiffs' motion for attorneys fees. The Supreme Court has now issued an opinion reversing this court's decision in Case No. 01–1635. *Overton v. Bazzetta*, — U.S. —, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). On August 28, 2003, an order was entered by this court in Case No. 01–1635 vacating its previous decision and remanding the case to the district court for further consideration in light of the opinion in *Overton*. The order explains that the Supreme Court reversed this court's decision "hold-ing that certain Michigan prison regulations were invalid on their face," but reserved "any argument that an 'individual claim based on indefinite withdrawal of visitation or denial of procedural safeguards' would pass muster under the First and Eighth Amendments as incorporated by the Fourteenth Amendment."

In seeking peremptory reversal, MDOC argues that the district court's May 16 order of compliance is no longer valid in light of the Supreme Court's opinion in *Overton*. The May 16 compliance order and the August 20 fee award were both premised on the judgment that was appealed in Case No. 01–1635. That case has now been remanded to the district court for further consideration, and we are of the opinion that a remand is also warranted in the present cases. The issues MDOC seeks to raise, *i.e.*, the validity of the May 16 order in light of *Overton* and the plaintiffs' status as a prevailing party, should be considered by the district court in the first instance.

The defendants' motion for peremptory reversal in Case No. 02–1756 is DENIED. Case Nos. 02–1756 and 02–2096 are hereby REMANDED to the district court for further consideration in light of the Supreme Court's opinion in *Overton v. Bazzetta*, — U.S. —, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). The defendants' motion to hold briefing in abeyance in Case No. 02–2096 is denied as moot.