established an *unique* procedure under which the court, not the parties, is required to evaluate whether a claim on which relief may be granted is stated. Unlike in typical civil litigation, courts discharging their screening duties under the PLRA must not wait until the complementary rules of civil procedure, such as civil discovery or responsive motions, are implemented by the defendant. While the Federal Rules of Civil Procedure shift the burden of obtaining clarity to the defendant, the PLRA shifts that burden to the courts. The heightened pleading requirement, in cases to which the PLRA applies, effectuates the PLRA's screening requirement. Courts would be unable to screen cases effectively if plaintiffs were able, through ambiguous pleading, to avoid dismissal of claims on which relief could not be granted.

While *Swierkiewicz* may imperil judicially imposed heightened pleading requirements in the normal course of civil litigation, the interruption of the course of prisoner actions by the PLRA screening requirement makes actions covered by the PLRA *sui generis*. *Swierkiewicz* does not displace our firmly established position in *Brown*.

### III

The proper application of our decisions in *Brown* and *McGore* is that Baxter was not entitled to amend his complaint properly to plead exhaustion of administrative remedies. We, therefore, AFFIRM the district court's judgment dismissing Baxter's action without prejudice.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0328P (6th Cir.)
File Name: 02a0328p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ALEXANDER L. BAXTER,
*Plaintiff-Appellant,*

v.                                     No. 01-5371

JIM ROSE, JAMES DAVIS,
NICKY JORDAN, SCOTTY
SMITH, BOBBY PEVAHOUSE,
BERT STAGGS, and JIM BEVIS,
*Defendants-Appellees.*

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 00-00061—Thomas A. Higgins, District Judge.

Submitted: August 2, 2002

Decided and Filed: September 25, 2002

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Pamela S. Lorch, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellees. Alexander L. Baxter, Mountain City, Tennessee, pro se.

—————————

**OPINION**

—————————

BOGGS, Circuit Judge.   Alexander L. Baxter, a *pro se* Tennessee prisoner, appeals the district court's judgment dismissing *sua sponte* his Section 1983 action.   Baxter's complaint alleged that several prison officials had violated his constitutional rights through disciplinary restrictions placed on his activities.   The district court dismissed Baxter's complaint for failing to allege exhaustion of his administrative remedies, as required by the Prison Litigation Reform Act of 1995 (PLRA).   In doing so, the district court held that Baxter could not amend his complaint to cure the pleading defect.   Baxter argues that he did exhaust and that it was error for district court not to grant him leave to amend his complaint.   For the following reasons, we affirm the district court's judgment.

**I**

Baxter filed his complaint in the United States District Court for the Middle District of Tennessee on May 8, 2000. In his complaint, Baxter alleged that prison officials unconstitutionally had undertaken disciplinary action in retaliation for the exercise of his First Amendment rights. Baxter also alleged that he had filed some grievances against some of the defendants, but did not allege that he had completely pursued those grievances, much less allege that he had exhausted his administrative remedies.

A magistrate judge issued a report and recommendation, noting that Baxter's complaint failed to state a claim on which relief could be granted because it failed to allege that Baxter had exhausted his administrative remedies.   Accordingly, the magistrate judge recommended that Baxter's complaint be dismissed.

Baxter objected to the report and recommendation.   In his objection, Baxter claimed that he had in fact exhausted his

plead all the elements of the *prima facie* case established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). The Court held that nothing in Title VII requires such a heightened pleading standard.   *Swierkiewicz*, 122 S. Ct. at 997.

Moreover, the Court held that the Second Circuit's heightened pleading requirement was inconsistent with the notice pleading regime established by the Federal Rules of Civil Procedure.   *Id.* at 998.   The foundation for the notice pleading regime is Rule 8(a)(2), requiring only that the complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   As the Court explained, the notice pleading requirement complements the liberal rules of civil discovery, relying on summary judgment motions "to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 122 S. Ct. at 998.[4]   In the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e).   *See* Fed. R. Civ. P. 12(e).   The rules' intricate system of shifting the burden for explicating complaints to defendants through discovery and responsive pleadings led the Court to conclude that courts may not establish heightened pleading standards through the "judicial interpretation" of the Federal Rules of Civil Procedure, but only through their amendment.   *Swierkiewicz*, 122 S. Ct. at 999.

Our rule in *Brown* and *Knuckles El*, however, does not take its authority from the Federal Rules of Civil Procedure, but from the Prison Litigation Reform Act.   The PLRA

—————————

[4]The Court also noted that it would be difficult to extract a heightened pleading requirement from the Federal Rules of Civil Procedure because of, it seems, an application of the canon of statutory construction that *expressio unius est exclusio alterius.*   When the rulemakers wanted to establish a heightened pleading standard, they did so explicitly, as demonstrated by the specific rules pertaining to fraud and mistake.   *See* Fed. R. Civ. P. 9(b).   *See also Swierkiewicz*, 122 S. Ct. at 998.

particularized averments concerning exhaustion showing the nature of the administrative proceedings and its outcome, the action must be dismissed under § 1997e." *Knuckles El*, 215 F.3d at 642. The bar on amendment similarly serves the purpose of the heightened pleading requirement, permitting courts to assess the fundamental viability of the claim on the basis of the initial complaint. The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement.

As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*. *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect.[3] If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

Finally, we make clear that the Supreme Court's recent decision in *Swierkiewicz v. Sorema, N.A.*, 122 S. Ct. 992 (2002), does not displace our heightened pleading standard for exhaustion in PLRA cases. In *Swierkiewicz*, the Court invalidated the Second Circuit's requirement that a plaintiff bringing a Title VII action for employment discrimination

---

[3]There is arguably a tension between our rule against amendment in PLRA cases and Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a) (providing that courts shall give leave to amend a complaint "freely . . . when justice so requires"). Our holding in *McGore* unambiguously resolved this tension in favor of preserving an efficient judicial screening system under the PLRA and barring amendment of complaints subject to *sua sponte* dismissal.

administrative remedies and attached the dispositions of some grievance proceedings. The magistrate judge issued a second report and recommendation responding to Baxter's objection. In the report, the magistrate judge recommended that the court not even reach the issue of whether Baxter actually exhausted his administrative remedies because his complaint did not meet the requirement to plead exhaustion. To the extent that Baxter's objection constituted a request to amend his complaint, the magistrate judge held that, under the Prison Litigation Reform Act, a prisoner-plaintiff is not permitted to amend his complaint in order to correct the pleading defect. Because the magistrate judge determined that Baxter was barred from amending his complaint, he recommended the dismissal of Baxter's action without prejudice for failing to plead the exhaustion of his administrative remedies in his initial complaint.

Baxter objected to the second report, reiterating that he had, in fact, exhausted his administrative remedies. The district court summarily overruled Baxter's objections, adopted the magistrate judge's recommendation, and dismissed the case without prejudice.

Baxter now appeals the district court's dismissal of his action.

## II

This case presents the discrete legal question of whether a prisoner, bringing an action under 42 U.S.C. § 1983 covered by the Prison Litigation Reform Act and failing to allege in his initial complaint that he had first exhausted his administrative remedies, may amend his complaint to allege exhaustion and satisfy the PLRA. Baxter does not present extensive argument on this legal point, claiming only that he had, in fact, exhausted his administrative remedies. Our independent review of the law on this issue indicates that a prisoner may not amend his complaint to cure the failure to

plead the exhaustion of administrative remedies, if his action is covered by the PLRA.[1]

The PLRA requires prisoners challenging "prison conditions" to exhaust all administrative remedies before bringing a Section 1983 action. 42 U.S.C. § 1997e(a). In *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), we required that a prisoner bringing such an action specifically allege in his complaint that he had exhausted all administrative remedies. *Id.* at 1104. We also required that the plaintiff attach to his complaint the disposition(s) of his available administrative remedies. *Ibid.* Explaining our rule in a later case, we noted that the heightened pleading standard permits federal courts to determine whether the claim can be decided on the merits, without inefficiently expending judicial resources on evidentiary hearings and responsive pleadings. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2001).

Several portions of the PLRA require federal district courts to undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (concerning review of *in forma pauperis* actions); 28 U.S.C. § 1915A. *See also* 42 U.S.C. § 1997e(c)(1) (requiring courts to dismiss actions which state no claim on which relief may be granted even if the defendant makes no motion). Specifically, Section 1915A requires district courts to screen, "as soon as is practicable after docketing," prisoner complaints against governmental officials or entities to determine, among other things, whether

---

[1] In his reply brief, Baxter also argues that the district court erred by ordering the withholding of excessive sums from his prison trust account to pay the appellate filing fee. Our review of the district court's order indicates that the provision for the sums to be withheld exactly mimics 28 U.S.C. § 1915(b). Nothing in the order is erroneous. If prison officials are withholding funds in excess of those ordered for the filing fee, Baxter should direct to the district court his complaint regarding the violation of the court's order.

they state claims on which relief may be granted. 28 U.S.C. § 1915A.

In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), we examined these screening regimes and their effect on the prisoner-plaintiff's ability to amend his complaint. We held that: "Under the Prison Litigation [Reform] Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *Id.* at 612. In the particular case of *McGore*, we were reviewing a *sua sponte* dismissal pursuant to Section 1915(e)(2), which governs review of *in forma pauperis* complaints filed by prisoners.[2] There, we explicitly held that the PLRA's prohibition against amendment applies to dismissals under both prongs of Section 1915(e)(2), the first providing for dismissals on incorrect allegations of poverty, 28 U.S.C. § 1915(e)(2)(A), and the second providing for dismissals for failing to state a claim on which relief may be granted, among other grounds, 28 U.S.C. § 1915(e)(2)(B). *McGore*, 114 F.3d at 612. We further suggested that our analysis regarding the bar on amendment of the complaint would also apply in cases where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A. *Ibid.*

There is no reason to exempt the issue of exhaustion from this court's bar on amendment. This court's heightened pleading standards for complaints covered by the PLRA are designed to facilitate the Act's screening requirements, which require district court to dismiss defective actions *sua sponte*, in many cases, before any responsive pleading by the defendant. As we have noted with regard to our exhaustion pleading requirement: "District courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether it should reach the merits or decline under the mandatory language of § 1997e. In the absence of

---

[2] There is some textual ambiguity as to whether Section 1915(e)(2) only applies to *in forma pauperis* complaints. However, this court held that Section 1915(e)(2)'s applicability was so restricted in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).