James G. SARAH, Plaintiff–Appellant,

v.

B. BRADLEY, et al., Defendants–Appellees.

No. 02–2079.

United States Court of Appeals, Sixth Circuit.

May 27, 2003.

Before SUHRHEINRICH and COLE, Circuit Judges; and CARR, District Judge.*

## ORDER

James G. Sarah appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sarah alleged that the defendants violated his rights while he was incarcerated by the Michigan Department of Corrections. He raised numerous claims against prison employees primarily alleging that they had retaliated against him, denied him access to the courts, used excessive force against him, been deliberately indifferent to his medical needs, violated his right to practice his religion, and denied his right to due process. The district court adopted a magistrate judge's recommendation and dismissed the case on August 21, 2002. It is from this judgment that Sarah now appeals, moving for oral argument and for the appointment of counsel on appeal.

Sarah's most significant claims arose from his allegations that he had been subjected to intimidation and the excessive use of force by a guard named Bradley. The district court properly dismissed these claims without prejudice, because the complaint did not indicate that Sarah had exhausted all of his administrative remedies, as required by 42 U.S.C. § 1997e. *See Baxter v. Rose*, 305 F.3d 486, 488–89 (6th Cir.2002); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000). Sarah now argues that fear of retaliation prevents him from exhausting his remedies. This argument is unpersuasive because the defendants have processed at least some of his grievances and because there is no indication that he would be exposed to an additional threat of retaliation by pursuing a grievance on the claims that have already been raised in this lawsuit.

An award of summary judgment is reviewed *de novo. Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is proper if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Fed. R.Civ.P. 56(c). The movants meet their initial burden by pointing to an absence of evidence regarding an essential element of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to bring forth significant probative evidence which shows that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Copeland*, 57 F.3d at 479.

Sarah now argues that there are genuine disputes regarding material issues of fact that preclude summary judgment.

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

However, he has not clearly identified any specific factual dispute in his argument. Instead, Sarah merely reiterates his legal claims in conclusory fashion, with scattered references to some of his allegations. He has not pointed to significant probative evidence which demonstrates that there is a genuine of material fact to be resolved at trial.

Sarah also argues that the defendants were not entitled to qualified immunity because his claims involve the alleged violation of clearly established constitutional rights. However, the district court did not rely on qualified immunity as the primary basis for dismissing his claims. Instead, the court adopted the magistrate judge's report which indicated that each of his remaining claims were lacking in substantive merit. We also conclude that summary judgment was properly awarded to the remaining defendants for the reasons that were well-stated in the magistrate judge's report and recommendation. In addition, we have considered the other arguments that were raised in Sarah's appellate brief, and they are all ultimately unavailing.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.