James W. JONES, Plaintiff–Appellant,

v.

Vandy FULTS; Jackie Matheny; Jim Pickett, Defendants–Appellees.

No. 02–6432.

United States Court of Appeals, Sixth Circuit.

July 1, 2003.

Before BOGGS and GILMAN, Circuit Judges; DOWD, District Judge.*

*ORDER*

James W. Jones appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 28, 2000, Jones filed his complaint in the United States District Court for the Middle District of Tennessee alleging that, during his confinement in the

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Warren County Jail in May and June of 2000, his life was endangered because he was confined in a maximum security area in which the door was secured by chains and locks. Jones named as defendants Warren County, the Warren County Sheriff, and two jail employees in their official capacities. Jones sought $10,000,000 damages, removal of the chains, and the arrest of the defendant Sheriff for reckless endangerment. Judge Trauger assessed the filing fee and transferred the case to the Eastern District of Tennessee, where the acts alleged occurred. Next, Jones filed a motion to amend pleadings on August 28, 2002. Judge Edgar dismissed the complaint sua sponte for failure to exhaust administrative remedies on October 23, 2002. This timely appeal followed. On appeal, plaintiff: (1) contends that he amended his complaint to aver that no administrative grievance procedures exist at the Warren County Jail; (2) asserts that a conflict of interest exists because Judge Edgar convicted him of the criminal charges for which he was confined at the jail; and (3) submits evidence that relates to his claim and other conditions of his confinement at the jail.

Upon de novo review, *see White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997), we will affirm the judgment for the reasons stated by the district court in its memorandum filed October 23, 2002. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a civil rights action concerning conditions of confinement. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir. 1999). A prisoner has the burden of demonstrating exhaustion of these remedies. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). To establish exhaustion of administrative remedies prior to filing suit, a prisoner should attach any decision demonstrating the administrative disposition of his claims. *See Wyatt*, 193 F.3d at 878; *Brown*, 139 F.3d at 1104. Prisoners may not amend their complaint to establish exhaustion, but must submit documentation with their original complaint. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002). Here, plaintiff did not properly establish that he exhausted administrative remedies in his original complaint.

Plaintiff's remaining claims lack merit. First, plaintiff cites no extrajudicial or other improper bias that could constitute grounds for recusal of Judge Edgar in this case. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Further, this court will not consider plaintiff's claims on appeal that relate to conditions of his confinement other than the use of chains and locks on his cell door because those claims were not asserted in the district court. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990). Similarly, documents submitted by plaintiff with his brief on appeal should not be considered because they too were not presented in the district court and are not contained in the record on appeal. *See* Fed. R.App. P. 10(a). Finally, we note that plaintiff's claims for injunctive relief are moot in any event because plaintiff is no longer an inmate in the Warren County Jail. *See Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir.1982).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.