**Terah Lee STAMPS, Plaintiff–Appellant,**

v.

**B. LESKOW, et al., Individually and Severally, Defendants–Appellees.**

No. 02–2348.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2003.

Terah Lee Stamps, Jackson, MI, pro se.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

### ORDER

Terah Lee Stamps appeals a district court order that rejected his motion for leave to file an amended complaint in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Stamps filed his complaint in the district court alleging that the defendant Michigan prison official denied him a publication entitled *Cracking the Code* which Stamps had ordered from the publisher. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A and 42 U.S.C. § 1997e(c), and Stamps did not file a timely notice of appeal. Rather, Stamps submitted a motion for leave to file an amended complaint, which the magistrate judge rejected because the underlying case was closed by the district court's judgment. Stamps then filed a notice of appeal. After considering Stamps's response to an order to show cause why his appeal should not be dismissed for lack of jurisdiction, this court determined that only issues regarding the order rejecting Stamps's motion for leave to file an amended complaint are properly before this court. *Stamps v. Leskow*, No. 02–2348 (6th Cir. Apr. 2, 2003) (unpublished). In his brief on appeal, Stamps continues to assert his claim that the defendant Michigan prison official denied him a publication.

Upon consideration, we affirm the magistrate judge's order because Stamps has

abandoned on appeal any challenge to the order. As noted, this court has determined that only the magistrate judge's order rejecting Stamps's motion for leave to file an amended complaint is properly before the court on appeal. However, Stamps has not raised any specific challenge to this ruling in his brief on appeal. Therefore, he has abandoned any claim that he might have had regarding the order. *See Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998) (issues raised in district court but not on appeal are abandoned and unreviewable); *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997) (issue listed in brief without argument in support deemed waived). Nonetheless, it is noted that a challenge to the order would be meritless. First, the district court dismissed plaintiff's complaint under Prison Litigation Reform Act screening provisions that do not give the district court discretion to permit plaintiff to amend his complaint to avoid a sua sponte dismissal. *See Baxter v. Rose,* 305 F.3d 486, 488–89 (6th Cir. 2002); *McGore v. Wrigglesworth,* 114 F.3d 601, 608, 612 (6th Cir.1997). Furthermore, plaintiff merely reasserted his original claim in his motion for leave to amend his complaint. The district court properly dismissed plaintiff's complaint, in turn, because the value of the rejected book exceeds the value of any item of personal property permitted in the possession of any inmate under prison regulations, and because officials determined that the book does not fall within an exception under the regulations for legitimate law books. Accordingly, any claim that plaintiff's motion for leave to file an amended complaint was improperly rejected lacks merit.

For the foregoing reasons, the magistrate judge's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.