**Peter HAFER; Chris Helm; Chris Jones, Plaintiffs,**

**Marty Moore; John Hernandez; Sean Miller, Plaintiffs–Appellants,**

v.

**Patti WEBB, Warden, et al., Defendants–Appellees.**

No. 03–5199.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

*The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of

Before DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

## ORDER

Marty Moore, John Hernandez, and Sean Miller appeal a district court order dismissing a portion of their civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 2000cc–1. They also appeal a district court order denying their request for a temporary restraining order and Miller's request for a preliminary injunction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Peter Hafer, Chris Helm, Chris Jones, Moore, Hernandez, and Miller sued multiple prison officials contending that they were being denied their right to freely exercise their religion. The prisoners stated that they had been subjected to harassment.

The district court dismissed all the allegations by all the prisoners with one exception. The district court found that Hafer's First Amendment claim based on rejected mail had properly been exhausted through the prison administration process as to two defendants. Although the court found that Hafer could not recover monetary relief against the two defendants in their official capacities, Hafer's allegations could proceed against the two defendants in their individual capacities. This claim is still pending before the district court. After the dismissal of a portion of the complaint, the district court denied their requests for a restraining order and a preliminary injunction.

Tennessee, sitting by designation.

Moore, Hernandez, and Miller have appealed the district court's orders arguing the merits of their complaint and contending that the district court erred in denying their request for a temporary restraining order and Miller's request for a preliminary injunction.

Initially, it is noted that the district court's order denying Miller's request for a preliminary injunction is the only issue properly before the court. An order denying an injunction is appealable, but the denial of a motion for a temporary restraining order is not. *See* 28 U.S.C. § 1292(a)(1); *Office of Personnel Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985). Moreover, in the absence of certification under Fed.R.Civ.P. 54(b), an order disposing of fewer than all the claims and parties is ordinarily not appealable as a final judgment under 28 U.S.C. § 1291. *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 59–60 (6th Cir.1986). The district court dismissed all claims except Hafer's First Amendment allegations against two defendants in their individual capacities. Because the district court did not certify the order on appeal under Rule 54(b) and it does not appear that a final decision of the district court has been entered during the pendency of this appeal, *see Gillis v. United States Dep't of Health & Human Servs.,* 759 F.2d 565, 569 (6th Cir.1985), this court lacks jurisdiction to review the order regarding the merits of the complaint. Thus, the only issue on appeal is the propriety of the district court's decision to deny Miller's application for a preliminary injunction.

The standard to issue a preliminary injunction, set forth by this circuit in *Vittitow v. City of Upper Arlington,* 43 F.3d 1100, 1108–09 (6th Cir.1995), requires analysis of the following factors: 1) whether the applicant has demonstrated the likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent an injunction; 3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and 4) whether the public interest is advanced by the issuance of the injunction.

Miller's request for injunctive relief concerns the defendants' alleged interference with his practice of satanic worship. However, as the district court noted, Miller failed to exhaust his available administrative remedies. The prisoner must exhaust all available administrative remedies prior to instituting a federal action. 42 U.S.C. § 1997e(a); *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir.2002). As Miller failed to exhaust his available administrative remedies, he failed to satisfy the preliminary requirement of even bringing a federal action. Thus, by not satisfying the initial hurdle of filing a proper complaint, Miller failed to demonstrate that he could succeed on the merits of his arguments. Further, Miller has not shown how he would be irreparably harmed without the injunction or how the injunction would advance public interest. Thus, the district court did not err in denying Miller a preliminary injunction.

Accordingly, we affirm the district court's order denying Miller's request for a preliminary injunction. The court lacks jurisdiction to address the remaining arguments presented on appeal. Rule 34(j)(2)(C), Rules of the Sixth Circuit.