Michael YOUNG, also known as Anthony Pryor, Petitioner–Appellant,

v.

Bill MARTIN, Respondent–Appellee.

No. 02–2518.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Michael Young, pro se, Ionia, MI, for Petitioner–Appellant.

Before SILER and GILMAN, Circuit Judges; and BUNNING, District Judge.*

### ORDER

Michael Young, also known as Anthony Pryor, appeals the district court order dismissing his action construed as filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Young filed an action against Michigan Department of Corrections Officials Bill Martin, Bruce Curtis, and Dan Bolden. Young alleged that prison staff: (1) violated his Eighth Amendment rights by using excessive force against him; and (2) violated his First Amendment rights by interfering with his incoming and outgoing mail. Young requested a transfer to another prison. The district court granted Young in forma pauperis status, screened the complaint, and dismissed the complaint without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). Although Young invoked 28 U.S.C. § 2254, the court construed the action as a civil rights case because Young's claims concerned the conditions of his confinement.

On appeal, Young argues that: (1) he did exhaust his administrative remedies; and (2) he is entitled to habeas relief under 28 U.S.C. § 461 and Coffin v. Reichard, 143 F.2d 443 (6th Cir.1944).

This court reviews de novo a district court's decision to dismiss a case for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003). The Prison Litigation Reform Act requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint, dismissal of the complaint is appropriate. See 42 U.S.C. § 1997e(c); White v. McGinnis, 131 F.3d 593, 595 (6th Cir.1997) (order).

Upon review, we conclude that the district court properly dismissed Young's complaint. Young failed to allege or show that he exhausted his administrative remedies by raising his claims through the prison's grievance procedure. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). His complaint makes passing reference to a grievance he filed concerning his First Amendment claim, and also mentions a complaint he sent to the state police, the Justice Department, and an attorney. This falls far short of describing with specificity the administrative proceeding and its outcome. See Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.2000).

Young's argument that the documents he attached to his notice of appeal show that he exhausted his remedies is without merit. Young was required to attach proof of exhaustion to his complaint, not in a later pleading or on appeal. See Baxter v. Rose, 305 F.3d 486, 488–89 (6th Cir. 2002). If he has exhausted his administrative remedies, he may refile his complaint and plead exhaustion, assuming that the statute of limitations has not expired. See id. at 489.

---

* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Finally, Young's argument that he is entitled to habeas relief under 28 U.S.C. § 461 and *Coffin* is also without merit. It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (drawing distinction between prisoner civil rights suits challenging conditions of confinement under § 1983 and habeas actions challenging the fact or duration of the confinement).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.