**Stanley GIBBS, Plaintiff–Appellant,**

v.

**Dan BOLDEN, et al., Defendants–Appellees.**

**No. 03–1119.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Stanley Gibbs, pro se, Standish, MI, for Plaintiff–Appellant.

Kevin R. Himebaugh, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

*ORDER*

Stanley Gibbs, a pro se Michigan prisoner, appeals a district court order dismiss-

ing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Gibbs sued thirty-three prison employees contending that they retaliated against him for filing lawsuits and grievances. The district court dismissed the complaint without prejudice for Gibbs's failure to exhaust his available administrative remedies prior to filing his complaint.

In his timely appeal, Gibbs asserts that the district judge was biased, that the district court discriminated against him, and that he is entitled to a jury trial.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Gibbs's complaint for failure to exhaust his available administrative remedies. Prisoners desiring to file civil rights complaints must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must establish that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without exhausting his available administrative remedies, dismissal of the complaint is ap-

propriate. *See Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir.2002); *Brown,* 139 F.3d at 1104. It is undisputed that Gibbs did not exhaust his available administrative remedies at all levels of the grievance process as to each defendant prior to filing his suit. As Gibbs failed to exhaust his available administrative remedies before filing his complaint, the complaint had to be dismissed. *Baxter,* 305 F.3d at 488.

Gibbs contends that the district court's decision establishes bias. However, a review of the record shows that the district judge was not biased against Gibbs. Gibbs failed to exhaust his administrative remedies prior to filing his complaint. Therefore, the district court had no choice but to dismiss the complaint.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.