**Gerald Lee ARBUCKLE, Plaintiff–Appellant,**

v.

**Barbara BOUCHARD, Defendant–Appellee.**

No. 03–1975.

United States Court of Appeals, Sixth Circuit.

March 16, 2004.

Gerald Lee Arbuckle, Alger Maximum Correctional Facility, Munising, MI, pro se.

Before ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

### ORDER

Gerald Lee Arbuckle, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Arbuckle sued Alger Maximum Correctional Facility (LMF) Warden Barbara Bouchard. Arbuckle alleged that prison staff at LMF were retaliating against him because of an earlier lawsuit he had filed concerning an assault by another inmate. According to Arbuckle, LMF staff placed him in the general population despite his request for protective custody, fabricated misconduct charges against him, confiscated his property, denied him privileges, placed him in the "Bug Wing" with disruptive prisoners, threatened him, and failed to respond to his requests for medical treatment. In an amended complaint, Arbuckle alleged that staff members exposed him to prisoners who threw feces and other substances on him and ignored his requests for aid, and that grievance coordinator Trierweiler refused to help him write grievances and would not provide him with grievance forms. The district court granted Arbuckle in forma pauperis status, screened the complaint, and dismissed the complaint without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e. The district court also denied Arbuckle's motion for reconsideration.

On appeal, Arbuckle argues that: (1) he was not required to exhaust his administrative remedies because he faced a risk of immediate harm; (2) prison staff failed to provide him with grievance and appeal forms; and (3) the district court should have given him notice of the deficiency of his complaint and an opportunity to correct it.

We review de novo a district court's decision to dismiss a case for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir.2003). The Prison Litigation Reform Act (PLRA) requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. See 42 U.S.C. § 1997e(a);

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

*Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

▮ Upon review, we affirm the district court's decision for the reasons stated by the district court. Arbuckle failed to demonstrate that he exhausted his administrative remedies before filing suit. In his complaint, Arbuckle stated that prison staff members were retaliating against him and gave some specific examples. He only attached one grievance, however, and the grievance does not name anyone in particular as being responsible for his mistreatment. In his amended complaint, Arbuckle alleged that specific staff members exposed him to prisoners who threw feces and ignored his requests for aid, and that Trierweiler refused to help him write grievances. Arbuckle did not, however, describe with specificity his efforts to exhaust his remedies or explain adequately his failure to file grievances. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). Arbuckle's bald assertion that Trierweiler refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint.

▮ Arbuckle's argument that he was not required to exhaust his administrative remedies because he faced a risk of immediate harm is without merit. The PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury. *See* 42 U.S.C. § 1997e. Arbuckle's argument that the district court should have given him an opportunity to correct his complaint is also without merit. Under the PLRA, a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies. *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir.2002).

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.