**Anthony L. HARRIS, Plaintiff–Appellant,**

v.

**Kevin MYERS; Danny Scott; Linda Rochell; W. Duncan; Clarence Potts; C. Hickerson; Scott Miller; Anderson, C.O.; Russell, C.O.; Spice, Sgt.; Jane Doe; Casteel, Cpt., Defendants–Appellees.**

**No. 03–6141.**

United States Court of Appeals, Sixth Circuit.

March 23, 2004.

Anthony L. Harris, Only, TN, pro se.

Kimberly J. Dean, Stephanie R. Reevers, Asst. Atty. Generals, Office of the Attorney General, Nashville, TN, for Defendants–Appellees.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

## ORDER

Anthony L. Harris, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Harris sued several prison employees contending that his property had been confiscated, that he had been denied the ability to communicate with the courts, that he had been subjected to extortion, and that he had been subjected to retaliation. The district court dismissed the complaint without prejudice for Harris's failure to exhaust his available administrative remedies prior to filing his complaint.

In his timely appeal, Harris asserts that not every issue which he raised in his complaint is grievable, that some of his grievances were not accepted by the grievance board, and that the district court did not understand the prison grievance system.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Harris's complaint for failure to exhaust his available administrative remedies. Prisoners desiring to file civil rights complaints must exhaust all available administrative procedures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without exhausting his available administrative remedies, dismissal of the complaint is appropriate. *See Baxter v. Rose,* 305 F.3d 486, 488–89 (6th Cir.2002); *Brown,* 139 F.3d at 1104.

It is undisputed that Harris did not exhaust his available administrative remedies at all levels of the grievance process as to each defendant and as to each issue prior to filing his suit. Although Harris claims that some of his grievances raised issues which are not subject to the grievance process, Harris did not establish that he exhausted his available administrative remedies as to each grievable issue through the entire administrative process. Because Harris did not establish that he presented his grievances to the highest possible administrative level, Harris has not satisfied the requirements of § 1997e(a). *Booth,* 532 U.S. at 739–41, 121 S.Ct. 1819; *Brown,* 139 F.3d at 1104.

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.