Jessie J. LOVETT, Plaintiff–Appellant,

v.

David GUNDY, et al., Defendants– Appellees.

No. 03–2306.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

Jessie J. Lovett, Oaks Correctional Facility, East Lake, MI, for Plaintiff–Appellant.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

## ORDER

Jessie J. Lovett, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Lovett sued multiple prison employees contending that he was subjected to numerous instances of mistreatment and that he was denied medical treatment. Lovett stated that he was denied treatment for a brain tumor, constipation, and hemorrhoids. In addition, Lovett stated that he was deprived of food, showers, cleaning supplies, and clean bed linens. The district court dismissed the complaint without prejudice because Lovett had failed to exhaust his available administrative remedies prior to filing his complaint.

In his timely appeal, Lovett's brief is construed as arguing that the district court should not have dismissed his complaint for failing to exhaust his administrative remedies, that his physical condition prevents the dismissal, that he has no administrative remedies to exhaust, and that the exhaustion requirement is "a byzantine morass of arbitrary, unnecessary and unjustifiable impediments to the vindication of federal rights."

The district court's order is reviewed de novo. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Lovett's complaint for failure to exhaust his available administrative remedies. Prisoners desiring to file civil rights complaints must exhaust all available administrative proce-

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

dures. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998).

The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without exhausting his available administrative remedies, dismissal of the complaint is appropriate. *See Baxter v. Rose,* 305 F.3d 486, 488–89 (6th Cir.2002); *Brown,* 139 F.3d at 1104.

▪ The record shows that Lovett did not exhaust his available administrative remedies at all levels of the grievance process as to each defendant and as to each issue prior to filing his suit. Although Lovett states that he has no remedies to exhaust, the evidence shows a three-step process by which Lovett can exhaust his claims. Further, Lovett's medical condition does not waive the exhaustion requirement of § 1997e(a). Lovett's allegation that he is under an immediate threat of harm only effects his request for pauper status under 28 U.S.C. § 1915(g). It does not waive the exhaustion requirement. Because Lovett did not present his grievances through the highest possible administrative level, Lovett has not satisfied the requirements of § 1997e(a). *Baxter,* 305 F.3d at 488–89; *Brown,* 139 F.3d at 1104.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.