**David J. SCOTT, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 03–2268.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2004.

Rehearing En Banc Denied Jan. 10, 2005.

David J. Scott, Kingsley, MI, pro se.

Christine M. Campbell, Lansing, MI, for Defendants–Appellees.

Before KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

### ORDER

David J. Scott, a Michigan state prisoner, appeals pro se the dismissal of his civil rights action, filed pursuant to 42 U.S.C.

§ 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Scott filed this complaint against a number of employees of the Michigan Department of Corrections. He alleged that his word processor had been seized by defendants in violation of his Fourth Amendment rights and in retaliation for his exercise of First Amendment rights, that the seizure of the word processor had been upheld in violation of his due process rights because a guard who participated in the seizure also presided over the hearing, and that the confiscation of his word processor resulted in the denial of his right of access to the courts. Finally, Scott alleged a state tort claim of conversion. The complaint stated that Scott had raised the due process claim in a grievance that had been denied at the first two levels of review, and that he had received no response to his third step grievance.

The matter was referred to a magistrate judge for all pretrial proceedings. Defendants moved to dismiss for failure to exhaust administrative remedies and for failure to state a claim. The magistrate judge recommended that the complaint be dismissed with prejudice as to the claims of denial of access to the courts and a Fourth Amendment violation, because no claim was stated, and that the due process and retaliation claims be dismissed without prejudice for failure to exhaust administrative remedies. Over Scott's objections, the district court adopted the magistrate judge's recommendation.

In his brief on appeal, Scott reasserts his claims and argues that he exhausted all available administrative remedies, considering that he was on a grievance restriction and that he did not receive a response to his third step grievance on the due process issue. He also argues that this court should hold that any new action he files with proof of exhaustion of administrative remedies would not be barred by the statute of limitations, and that the district court erred in failing to rule on his motion to disqualify the judge for rescinding his order transferring the case to another district after he realized that the magistrate judge had already issued a report and recommendation.

■ A prisoner filing a civil rights action concerning prison conditions must show that he has exhausted administrative remedies prior to filing his complaint. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The complaint should contain written documentation of exhaustion or a specific description of the exhaustion process utilized. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000). Exhaustion must be documented in the complaint, and cannot be later demonstrated by an amendment to the complaint. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002). In this case, Scott failed to show that he had exhausted administrative remedies on his claims. He only alleged in a conclusory fashion that he had pursued his claim of a denial of due process to the third step in the grievance process and had not received a response. Although he submitted documentation with his objections to the magistrate judge's report which supported this statement, such documentation must be included with the original complaint. Scott also argues that the fact that he was on a grievance restriction due to his abuse of the grievance process excuses his failure to exhaust. However, he has not shown that he attempted to file a grievance on his claim of retaliation, which was the only other claim dismissed for failure to exhaust administrative remedies.

Scott's remaining claims of denial of access to the courts and a Fourth Amendment violation were properly dismissed for failure to state a claim. In order to state a claim of denial of access to the courts, Scott was required to allege that he had been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey,* 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The magistrate judge properly noted that Scott failed to make such a showing, either because the lawsuits he was pursuing did not meet the above standard, or the confiscation of his word processor was not causally or temporally related to the prejudice he alleged to his criminal or prison civil rights suits. Scott's reliance on *Cody v. Weber,* 256 F.3d 764, 769 (8th Cir.2001), for the proposition that denial of access to the courts is established by the seizure of a prisoner's computer files is misplaced. *Cody* actually held that no claim was stated because no prejudice was established. *Id.* Finally, the magistrate judge was correct in concluding that Scott could not state a claim of a Fourth Amendment violation due to the search and seizure of items in his prison cell, *Hudson v. Palmer,* 468 U.S. 517, 525–26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), as well as in declining to exercise supplemental jurisdiction over Scott's state tort claim following the dismissal of all federal claims. 28 U.S.C. § 1367.

The miscellaneous arguments raised in Scott's brief are also without merit. The issue of the statute of limitations on some future complaint which Scott might file with proper documentation of exhaustion of administrative remedies is not before us. The argument that the district court erred in failing to rule on his motion to disqualify the judge is frivolous. The district court judge rescinded an order transferring this case to another district after he realized that the magistrate judge had already issued a report and recommendation. Scott's motion arguing that the rescission indicated bias by the judge was without any basis.

For all of the above reasons, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.