**Frank NALI, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 04–1040.

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2004.

654

Frank Nali, #449422, St. Louis Mid-Michigan Correctional Facility, St. Louis, MI, pro se.

Before MARTIN, COLE, and GIBBONS, Circuit Judges.

### ORDER

Frank Nali, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Nali sued multiple prison employees contending that he has been subjected to numerous instances of mistreatment. The district court dismissed the complaint without prejudice because Nali had failed to exhaust his available administrative remedies prior to filing his complaint.

In his timely appeal, Nali argues that 42 U.S.C. § 1997e(a) is unconstitutional; that the district court should have addressed the merits of the complaint; and that since his complaint was in compliance with Fed. R.Civ.P. 8 and was on the forms provided by the district court, the complaint should not have been dismissed.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Nali's complaint for failure to exhaust his available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

The prisoner bears the burden of establishing exhaustion of administrative remedies. *See Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must show that all available administrative remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievance he filed. When a prisoner files a civil rights complaint without exhausting his available administrative remedies, dismissal of the complaint is appropriate. *See Baxter v. Rose,* 305 F.3d 486, 488–89 (6th Cir.2002); *Brown,* 139 F.3d at 1104.

It is undisputed that Nali did not exhaust his available administrative remedies at all levels of the grievance process as to each defendant and as to each issue prior to filing his complaint. Because Nali did not present his grievances through the highest possible administrative level, Nali

has not satisfied the requirements of § 1997e(a). *Baxter*, 305 F.3d at 488–89; *Brown*, 139 F.3d at 1104.

Nali asserts that because his complaint is in compliance with Rule 8 and he used the forms provided by the district court, the case should not have been dismissed. Whether the complaint is in compliance with Rule 8 is not at issue. The substance of the complaint is what is essential to this case. Nali's allegations do not establish that he has exhausted his available administrative remedies. It is irrelevant that the complaint complies with Rule 8.

Nali also states that the district court should have ruled upon the merits of his complaint. However, as Nali had not complied with the requirements of § 1997e(a), the district court was required to dismiss the complaint without addressing Nali's claims. *See Baxter*, 305 F.3d at 488–89; *Brown*, 139 F.3d at 1104.

Finally, Nali contends that § 1997e(a) is unconstitutional. Nali did not raise this issue before the district court. Therefore, the argument is not reviewable on appeal. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.