**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0628n.06
Filed: July 27, 2005

**No. 04-2034**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TIMOTHY WILLIAMS, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| B. MCLEMORE, Warden; JOHN DOE, Deputy | ) | MICHIGAN |
| Warden, SMI; H. WHITE, Warden, SMI; H. WARR, | ) | |
| Officer; JOHN DOE; and WILLIAM BAILEY, | ) | |
| | ) | |
|     Defendants-Appellees. | ) | |

Before:  SILER and GIBBONS, Circuit Judges; STAFFORD, District Judge.[*]

**PER CURIAM.**  Timothy Williams, a state prisoner in Michigan, appeals a grant of summary judgment to Warden Barry McLemore, Assistant Deputy Warden William Bailey, Acting Warden Harold White, and Corrections Officer Harold Warr (collectively "Defendants"), based on failure to properly plead exhaustion of administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  Williams also argues that the district court did not fulfill its statutory duty to serve an additional proposed defendant, Deputy Warden Connie Anderson.  For the reasons stated hereafter, we REVERSE and REMAND.

**BACKGROUND**

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

On January 13, 1998, Williams handed a note to a corrections officer in which he stated that he had enemies and he feared for his life. In response to Williams's fears, prison officials moved him from the Josephine McCallum Facility ("JMF") to the State Prison of Southern Michigan ("SMI") the next day. When guards arrived to take Williams to a meeting of the Security Classification Committee ("SCC"), he refused to be handcuffed behind his back in the normal manner. Instead, Williams insisted that he be handcuffed in the front with special large cuffs because of painful tumors present on his arms and wrists.

Deputy Warden Anderson allegedly told the guards that Williams had no medical problems, he did not need special cuffing, and that he would have to submit to normal cuffing or forfeit his interview with the SCC. He refused to submit to normal cuffing, and, as a result, Anderson declared the interview forfeited. Williams resisted transfer from SMI back to JMF and received two major misconduct tickets in the process. He filed two grievances and pursued the three-step process for each grievance. Officials denied one grievance at all three steps, but at the third step of the other grievance, the official report strongly implied that Williams should get another hearing with the SCC.[1] The report did not specifically order the warden to give him another hearing with the SCC, however, and prison officials returned him to the general population at JMF. Shortly thereafter, unknown assailants stabbed him.

---

[1] Referring to the previous grievance steps, the report stated "it appears there were a number of errors in this response." The third-step respondent ordered that a copy of the report be sent to the Warden's office "to ensure appropriate action is taken on this issue" without specifically stating what this action should be. The respondent also stated "this grievance is considered resolved."

Williams filed a complaint alleging, *inter alia*, a violation of his Eighth Amendment rights based on failure to protect and a violation of the Americans with Disabilities Act. The district court granted him leave to file a second amended complaint, but then refused to serve it on the defendants and granted them summary judgment. On appeal, this court vacated the district court's grant of summary judgment, ordered the district court to serve the defendants, and remanded for further proceedings. *Williams v. McLemore*, No. 00-1302 (6th Cir. Feb. 1, 2001). In 2004, the district court again granted Defendants' motion for summary judgment on the basis that Williams failed to properly plead exhaustion of his administrative remedies as required by the PLRA. Because the Marshals had never served her, the court stated in a footnote that Anderson was not a party.

## ANALYSIS

### Pleading of Exhaustion

The district court granted Defendants summary judgment on the grounds that Williams failed to properly plead exhaustion of his administrative remedies in his original complaint. We review a grant of summary judgment *de novo*. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Defendants do not dispute exhaustion of administrative remedies here; rather, they dispute whether Williams has properly pleaded exhaustion. Despite having allowed him to file two amended complaints, the district court only examined Williams's original complaint for sufficiency of pleading exhaustion. It cited *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), for the proposition that "[e]xhaustion of administrative remedies must have been pled in the original

complaint." After concluding that the original complaint lacked the particularized averments necessary for pleading exhaustion, the district court granted the Defendants summary judgment against all of Williams's claims.

While a prisoner may not amend his complaint to cure deficiencies in pleading exhaustion, *Baxter*, 305 F.3d at 490, there is no authority for the proposition that, after a prisoner has been allowed to amend his complaint, the district court must only examine the original complaint for sufficiency of pleading exhaustion. *Baxter* is distinguishable from the present case because the magistrate judge in *Baxter* consistently refused to allow the plaintiff to amend his complaint. *Id*. at 487. *Baxter* did not hold that once a plaintiff has been allowed to amend his complaint, the court may only look to the original complaint to determine whether exhaustion has been pleaded correctly. *See id*. at 490.

Because the district court allowed Williams to amend his complaint, it should have examined his second amended complaint for pleading exhaustion. He attached a copy of the disposition of his grievances to all of his complaints, but his second amended complaint gives much more detail than his original complaint. The second amended complaint contains "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Thus we reverse summary judgment in favor of the Defendants and remand for further proceedings.

**Duty to Serve**

This court previously ordered the district court to serve all defendants, including Anderson, as it is obligated to do when a plaintiff proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(d); Fed.

R. Civ. P. 4(c)(2); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).  Service may be made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).  Michigan law allows sending a summons and complaint "by registered or certified mail, return receipt requested, and delivery restricted to the addressee."  Mich. Ct. R. 2.105(A)(2).

The U.S. Marshal attempted to serve Anderson through the mail.  Because Anderson no longer worked for the Michigan Department of Corrections, the summons and complaint were returned to the Marshal as undeliverable on March 9, 2001.  The record does not indicate any further attempts to serve Anderson.  The first mention of Anderson after the attempted service came in a footnote to the district court's order dated June 27, 2002.  The footnote stated: "Anderson was originally named as a Defendant to this action.  *Presently she is not a party to this action*." (emphasis added).  In March 2004 Williams moved for partial summary judgment and stated in the accompanying memorandum that he "assumes that Defendant Anderson is properly pled as a Defendant.  If this is not so, [he] moves the Court to allow him to move for a default and/or correct the proceedings as appropriate."  In July 2004, in granting Defendant's motion for summary judgment, the district court again stated in a footnote that Anderson is not a party.

The district court's footnotes regarding Anderson's non-party status were insufficient to give Williams notice that he should show good cause why she had not been served in accordance with Federal Rule of Civil Procedure 4(m).  Because Williams did not receive sufficient notice that Anderson was no longer a party, on remand, the district court shall extend the time period to serve Anderson.

REVERSED and REMANDED.