Timothy WILLIAMS, Plaintiff–
Appellant,

v.

B. McLEMORE, et al., Defendants–
Appellees.

No. 00–1302.

United States Court of Appeals,
Sixth Circuit.

Feb. 1, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.*

Timothy Williams, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint dated August 14, 1998, Williams sued five prison officials in their individual and official capacities for monetary and equitable relief. Williams asserted that the defendants had exhibited deliberate indifference to the risk to his safety and had deprived him of protected liberty interests. The district court granted Williams leave to proceed as a pauper. Williams amended his complaint in October 1998, adding two more prison officials as defendants and asserting an additional claim of deliberate indifference based on a stabbing incident that occurred after he filed his original complaint.

On November 30, 1998, Williams moved for leave to file a second amended complaint. Although the district court granted the motion on January 7, 1999, Williams did not receive a copy of its order. On June 30, 1999, despite having already granted leave to file a first and second amended complaint and having received both amended complaints, the district court ordered Williams to provide addresses for the five defendants in his "original complaint." Williams complied with the order, and the U.S. Marshals served these defendants with the original complaint. The five defendants responded with a motion for summary judgment, but, unsur-

prisingly, no answer or dispositive motion was filed by six other defendants named only in the second amended complaint.

Disregarding that it had ordered service only of the original complaint, the district court looked to the second amended complaint in considering the defendants' motion for summary judgment. In its order granting the motion on January 10, 2000, the district court construed the second amended complaint as asserting that: 1) the defendants failed to protect Williams by ordering his return from State Prison of Southern Michigan ("SPSM") to Josephine McCallum Facility ("JMF"); 2) the defendants violated the Americans with Disabilities Act by conditioning a security classification committee interview upon his being handcuffed from behind; 3) the defendants acted with deliberate indifference when returning Williams to JMF; 4) two stays in disciplinary segregation violated his Eighth Amendment right to be free from cruel and unusual punishment; 5) the defendants retaliated against Williams by prolonging his transfer; and 6) he was denied access to the courts in violation of the First Amendment. The district court found that the claims lacked merit and that the defendants were entitled to qualified immunity.

Williams has filed a timely appeal, essentially reasserting his claims. He argues, among other things, that the district court erred by rendering a final decision without serving him with the order granting leave to file the second amended complaint. The defendants argue that this court should limit its review to the parties and claims in Williams's original complaint because Williams did not serve any of the

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

defendants with his first or second amended complaint.

■ Upon de novo review, we conclude that the district court erred by granting summary judgment to the defendants before serving them with the second amended complaint. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995). While a district court may enter summary judgment sua sponte, the losing party must first be on notice that he has to come forward with all of his evidence. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Grand Rapids Plastics, Inc. v.. Lakian,* 188 F.3d 401, 407 (6th Cir.1999), *cert. denied,* 529 U.S. 1037, 120 S.Ct. 1531, 146 L.Ed.2d 346 (2000). Williams was not on notice. As alluded to above, Williams did not know that the district court had granted his motion for leave to file a second amended complaint prior to the grant of summary judgment. Williams's lack of knowledge is through no fault of his own. Before the court granted the motion to amend, Williams contacted the court twice to inquire about it. After the court granted the motion, Williams did not timely receive a copy of the order because the post office returned it to the district court. Williams again contacted the court about his motion to amend when he filed a "Proposal letter with attached amended complaint" on March 30, 1999. He described his contact with the court and explained that he was uncertain whether the court had received both his motion to amend and the second amended complaint. However, the district court never responded to his letter to let him know that the complaint had been received and the motion had been granted.

■ We decline to alternatively affirm the district court's judgment for lack of service on the defendants of the second amended complaint. Where a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *See* Fed.R.Civ.P. 4(c)(2); 28 U.S.C. § 1915(d); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996) (applying former 28 U.S.C. § 1915(c)). Williams, who has proceeded as a pauper from the commencement of the action, dutifully submitted his motion for leave to file a second complaint to the district court, complete with extra copies of the proposed complaint and a list of addresses for the defendants. The district court, however, did not issue Williams's process to a marshal, but instead inexplicably sent Williams a letter on December 9, 1998, stating:

> The Court received the copies of your amended complaint on November 30, 1998.
>
> However, the Court does not serve defendants, that is the responsibility of you the plaintiff. Enclosed is your original motion and the attached addresses of the defendants. The Court will not be sending back the copies. In the future, please refrain from sending the Court copies to be served on the defendants.

Thus, the district court did not fulfill its statutory responsibilities, and affirming the district court's judgment because of lack of service would be inappropriate.

■ We also decline to alternatively affirm the district court's judgment on the basis that the complaint, as amended, is frivolous or fails to state a claim. Review of the record shows that the complaint facially appears to state at least one claim: whether the defendants, in particular Anderson, Bailey, and Rogers, failed to protect Williams from violence at the hands of other prisoners. *See Farmer v.*

*Brennan,* 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

As alleged by Williams, he gave prison staff a note, naming his enemies and explaining that he feared for his life. When guards came to Williams's cell to escort him to a security classification committee interview concerning his safety, he informed them that he needed to be handcuffed with large handcuffs in front of his body because tumors had enlarged his arms and made it excruciatingly painful to place his arms behind his back. Williams has a congenital deformity known as Kasabach–Merritt syndrome, causing his hand to be severely curled inward at the wrist. Thus, his medical condition is visually apparent to everyone.

The guards left the cell to discuss the matter with defendant deputy warden Anderson, who was to conduct the interview. Anderson allegedly told them that there was nothing wrong with Williams and if Williams wanted to be interviewed, he would have to permit them to use small handcuffs. Upon their return, Williams again refused to be handcuffed because he did not want to endure the pain. He sent a written statement to Anderson, via another prison official, outlining what he would have said at the interview, but Anderson purportedly would not read it.

Thereafter, Williams was returned to the general population at JMF where his enemies were housed. Williams informed defendants Bailey and Rogers about the threat to his safety, but they did not place him in protective segregation. One month later, someone repeatedly stabbed Williams in the back. Thus, Williams has sufficiently stated a claim.

Accordingly, the district court's judgment is vacated, and the action remanded for further proceedings. The district court is instructed to serve the second amended complaint on all defendants and to thereafter fully comply with the dictates of Fed.R.Civ.P. 4(c)(2) and 28 U.S.C. § 1915(d). Rule 34(j)(2)(C), Rules of the Sixth Circuit.